IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. McDANNEL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-CV-00124-DGK |
| CITY OF GLADSTONE, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART MOTION TO DISMISS**

This lawsuit arises from a traffic stop in which Plaintiff Christopher McDannel was a passenger. During the stop, McDannel was placed in handcuffs and later taken to the ground after law enforcement officers attempted to place him in a police car and he resisted. McDannel alleges that after he had yielded, two officers held him down while a third knelt on his left arm, breaking it. One of the officers holding him down was Defendant Missouri Highway Patrol Trooper Chase Adkison ("Trooper Adkison").

Now before the Court is Defendants Missouri Highway Patrol and Trooper Adkison's Motion to Dismiss three of the four claims[1] brought against them. ECF No. 30. The motion is GRANTED IN PART. The claim against the Missouri Highway Patrol (Count VI) is dismissed with prejudice, as are any claims brought against Trooper Adkison in his official capacity. Plaintiff's excessive force claim (Count I) and First Amendment retaliation claim (Count V) survive dismissal.

---

[1] While the motion reads as if these two Defendants are seeking to dismiss all claims against them, the Suggestions in Support make no mention of Count II, which is brought against Trooper Adkison.

1

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Background**

Accepting the Amended Complaint's factual allegations as true, viewing these allegations in the light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, the Court finds the facts to be as follows for purposes of resolving the pending motion.

Around 2:00 a.m. on July 20, 2022, Plaintiff was a passenger in a GMC Terrain driven by his sister, Sarah Nesfeder. Defendant Clay County Deputy Keagon Reed ("Deputy Reed") made a traffic stop on the car for failure to use a turn signal. Deputy Reed ordered Ms. Nesfeder from the car so he could conduct a field sobriety test on her.

After Ms. Nesfeder was out of the car, Plaintiff asked to speak with her. Deputy Reed denied the request and warned Plaintiff that if he got out of the vehicle he would be arrested. Fearing for his safety because witnesses were not present, Plaintiff told Deputy Reed that he needed to call for additional officers to come to the scene.

Deputy Reed then radioed in that he had an "aggressive" passenger and asked for another unit to come to the scene. Plaintiff was not, in fact, being aggressive.

Plaintiff began yelling to his sister to refuse to perform the field sobriety tests and instead be arrested. While he was yelling to her, he remained in the vehicle with his hands in the air in front of him. Plaintiff did not step out of the car or reach for the car handle.

Deputy Reed then opened the passenger side door and ordered Plaintiff out of the car to be handcuffed. Plaintiff continued to "advise" his sister not to submit to the field sobriety tests and encouraged Deputy Reed to call for additional officers.

Within a minute of Plaintiff being handcuffed, Defendant Missouri Highway Patrol Trooper Chase Adkison ("Trooper Adkison") and Defendant Gladstone Police Department Corporal Joshua East ("Corporal East") arrived on the scene and took charge of Plaintiff. Speaking to Corporal East about what was happening, Deputy Reed misquoted Plaintiff as warning Deputy Reed that "you'd better get a bunch of friends here," insinuating Plaintiff intended violence. He also told Corporal East that Plaintiff was "an asshole." After Deputy Reed returned to the driver, he told her Plaintiff was "an asshole."

Despite Plaintiff yelling for his sister to refuse to perform the field sobriety tests, she performed them. Plaintiff then cursed at the police, saying "Fuck y'all."

Trooper Adkison and Corporal East then discussed putting Plaintiff in a "cage" (apparently a police car with a caged rear passenger seat), and then decided to put him in a police vehicle. They then walked Plaintiff to a police car, and Corporal East ordered him to sit in the vehicle.

Plaintiff asked him to loosen his cuffs before sitting. Trooper Adkison, Corporal East, and another Gladstone Police Department officer who had arrived on the scene, Officer Lawlor Christiansen, then began pushing Plaintiff into the back of the patrol car. Corporal East struck Plaintiff while pushing him. Plaintiff said, "So you're going to hit me?", and Corporal East replied, "Yeah, I'm going to hit you again."

Plaintiff apparently successfully resisted being placed in the police car. The officers then threw Plaintiff to the ground, still handcuffed. Plaintiff then yielded, saying, "Ok, ok, ok, I'm good." Five second later, Corporal East knelt on Plaintiff's left arm, breaking it, while Trooper Adkison and Officer Christiansen held Plaintiff down. While lying on the ground, Plaintiff began screaming in pain. The officers then moved him into a seated position. While sitting on the ground, Plaintiff repeatedly asked if he was under arrest, cursed the officers, and asked to have the handcuffs removed. Deputy Reed told Plaintiff he was detained and refused to take his cuffs off.

The handcuffs were not taken off Plaintiff until after he was taken to Liberty Hospital (apparently by ambulance) for treatment. Deputy Reed later appeared at the hospital and cited Plaintiff for resisting/interfering with an arrest, detention, or stop.

On February 23, 2024, Plaintiff filed this lawsuit in federal court. The Amended Complaint,[2] ECF No. 19, asserts six counts, four of which apply to one or the other of these Defendants. Count I is brought under 42 U.S.C. § 1983 against Trooper Adkison, Corporal East, and Officer Christiansen for depriving Plaintiff of his right to be free from unreasonable seizure and the use of excessive force in violation of the Fourth and Fourteenth Amendments. Count II is brought against Trooper Adkison and the three officers for false arrest in violation of Missouri law. Count V is brought under 42 U.S.C. § 1983 against Trooper Adkison and the other three officers

---

[2] The Amended Complaint is captioned "Petition for Damages." In Missouri state court, a pleading is called a petition; in federal court, it is called a complaint. The Court will refer to it as "the Amended Complaint."

for retaliating against Plaintiff for violating his First Amendment rights by retaliating against Plaintiff for exercising his freedom of speech. Count VI is brought against the Missouri State Highway Patrol for failure to instruct, supervise, or control Trooper Adkison.

**Discussion**

Defendants Missouri Highway Patrol and Trooper Chase argue for dismissal of Counts I, V, and VI against them.[3] Plaintiff concedes that the Eleventh Amendment bars Plaintiff from bringing a suit in federal court for damages against the Missouri Highway Patrol and Trooper Adkison acting in his official capacity. Thus Count VI, which is brought against the Missouri Highway Patrol only, is dismissed, as are any claims brought against Trooper Adkison in his official capacity.

This leaves for the Court's consideration Count I and Count V brought against Trooper Adkison in his individual capacity only. The Court rules as follows.

**I.    The motion is denied with respect to Count I.**

Trooper Adkison moves for dismissal of Count I, arguing he is entitled to qualified immunity for two reasons. First, the Amended Complaint fails to allege that he deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Suggestions in Supp. at 7, ECF No. 31. Second, even if Plaintiff alleged a constitutional violation, he is nonetheless entitled to qualified immunity "because the law was not clearly established that he could not take the action that he did based on the particular circumstances that he faced." *Id*. at 7. Both arguments are unavailing.

Qualified immunity shields public officials from liability for civil damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024).

---

[3] Defendants make no argument concerning Count II, the false arrest claim, so the Court will not consider it.

Because qualified immunity is an affirmative defense, it can be upheld at the motion to dismiss stage only when the immunity is established on the face of the complaint. *Id*. And to overcome qualified immunity at this stage, the plaintiff need only plead facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time. *Id*.

The first argument is unavailing given the facts alleged in the Amended Complaint and Eighth Circuit caselaw. Excessive force claims related to an arrest are analyzed under the Fourth Amendment. *Littrell v. Franklin*, 388 F.3d 578, 583 (8th Cir. 2004). The test of whether excessive force has been used in violation of the Fourth Amendment is whether the force used was objectively reasonable in light of the facts and circumstances confronting the officer. *Smith v. Kansas City, Mo Police Dept.*, 586 F.3d 576, 581 (8th Cir. 2009). These facts and circumstances include the severity of the crime at issue, the immediate threat the suspect poses to the safety of officers or others, whether the suspect is actively resisting arrest, whether the suspect is in handcuffs, and the result of that force. *Id*.; *see Watkins* 102 F.4th at 952. Trooper Adkison argues the Amended Complaint merely alleges that he "walked [Plaintiff] to a vehicle with defendant Cpl. East . . . and was involved in forcing him in the back of a vehicle and in throwing him to the ground." Suggestions in Supp. at 6, ECF No. 31. This argument ignores more salient allegations in the Amended Complaint, such as its claims that Plaintiff's arm was broken *after* he stopped resisting, was in handcuffs, was on the ground, and was being held by the trooper and Officer Christiansen. Thus, the allegations sufficiently state a claim for excessive force related to an arrest. *See, e.g.*, *Krout v. Goemmer*, 583 F.3rd 557, 566 (8th Cir. 2009) (observing "gratuitous force against a suspect who is handcuffed, not resisting, and fully subdued is objectively unreasonable under the Fourth Amendment."). Granted, the facts that come to light during discovery may not

support these allegations—indeed, they might contradict them—but these allegations are enough to survive a motion to dismiss.

The second argument for dismissal, that the law was not clearly established at the time of this incident, fares no better. This incident occurred on July 20, 2022, and the law was clearly established in 2011 (if not earlier) that holding a handcuffed, unresisting detainee down while another officer applied force sufficient to break a detainee's arm absent any valid police or penological purpose violated the Fourth Amendment. *See Watkins* 102 F.4th at 952 (collecting cases). Thus, Trooper Adkison's potential claim for qualified immunity is not established on the face of the Amended Complaint, and the motion to dismiss on this basis must be denied.

That said, Trooper Adkison is free to raise the issue of qualified immunity again if discovery establishes different facts about what happened here. *See id*.

## II.     The motion is denied with respect to Count V.

Trooper Adkison also moves for dismissal on Count V, Plaintiff's First Amendment retaliation claim. It alleges that Trooper Adkison and three other law enforcement officers retaliated against Plaintiff for exercising his First Amendment rights by arresting him and then assaulting him.

To prevail on a First Amendment retaliatory arrest claim, a plaintiff must plead, and eventually prove, (1) the absence of probable cause, and (2) that "retaliation was a substantial or motivating factor behind the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019). The retaliatory motive "must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id*. at 399. With respect to these points Trooper Adkison's initial brief asserts:

> plaintiff has failed to show that the retaliation was a substantial or motivating factor behind the arrest and that there was no probable

> cause for his arrest. *See Nieves v. Bartlett*, 5139 S. Ct. 1715, 1724-25 (2019).
>
> Plaintiff was placed in handcuffs by Defendant Reed. Complaint ¶ 18. When Trooper Adkison arrived Plaintiff was handcuffed and not compliant when officers asked him to sit in the vehicle. Complaint ¶ 27. Plaintiff has not shown that he was engaging in any protected activity when Trooper Adkison action [sic] took any action against him. *See Waters v. Madison*, 921 F.3d 725 (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Suggestions in Supp. at 7–8. While there is citation to caselaw, there is no discussion of what the caselaw says, or more importantly, any explanation of how the caselaw applies to the allegations in the Amended Complaint.[4] Since no reply brief was filed, these arguments are not developed there either.

While the Court can envision an argument for dismissal on Count V, the Court is not going to make that argument for Trooper Atkison. "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008); *see* Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order"); *see also* Initial Standing Order, ECF No. 2 at 3–4. Accordingly, the motion to dismiss is also denied with respect to Count V. Trooper Adkison may revisit this issue at the summary judgment stage of the litigation.

## Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED IN PART. The claim against the Missouri Highway Patrol (Count VI) is dismissed with prejudice, as are any claims brought against Trooper Adkison in his official capacity. The motion is denied with respect to Plaintiff's excessive force claim (Count I) and First Amendment retaliation claim (Count V).

---

[4] For a good example of how legal analysis should be done, read some of the other briefs submitted in this case. *See, e.g.*, Defs. Reed and Clay County's Suggestions in Supp. of Mot. to Dismiss First Am. Compl., ECF No. 35; Defs. Reed and Clay County's Reply, ECF No. 45.

**IT IS SO ORDERED.**

Date:   September 13, 2024                    /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT