IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. McDANNEL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-CV-00124-DGK |
| CITY OF GLADSTONE, et al., | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This lawsuit arises from a traffic stop in which Plaintiff Christopher McDannel was a passenger. During the stop, McDannel was placed in handcuffs and later taken to the ground after law enforcement officers attempted to place him in a police car and he resisted. McDannel alleges that after he had yielded, two officers held him down while a third knelt on his left arm, breaking it. Two of the officers involved are Gladstone police officers.

Now before the Court is a Motion for Partial Judgment on the Pleadings brought by Defendant City of Gladstone and the two Defendant Gladstone Police Department officers, Corporal Joshua East ("Corporal East") and Officer Lawlor Christiansen ("Officer Christiansen"). ECF No. 34. Because the motion is not ripe, the motion is DENIED.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion is decided under "the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and brackets omitted). The standard for ruling on a motion to dismiss is that a court "must accept as true all of the complaint's factual allegations and view them in the

light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

Defendants Corporal East and Officer Christiansen move for judgment on the pleadings on Counts I, II, and V brought against them in their official capacities. The City of Gladstone ("the City") moves for judgment on the pleadings with respect to Count III.

Plaintiff opposes the motion on the grounds that it is premature. Plaintiff reasons it is premature because Rule 12(c) states such a motion may be made only "after the pleadings are closed." The pleadings are still open, he avers, because Rule 7(a) defines "pleadings" as including "an answer to a complaint," and Defendants Clay County, Deputy Reed, and Trooper Adkison have not answered. Plaintiff cites *Bledsaw v. McGeorge Contracting Co.* for support. No. 4:23-cv-00358-KGB, 2024 WL 1385920, at *6 (E.D. Ark. March 30, 2024) (allowing such a motion to be brought, holding "[t]he pleadings in this case are closed because Mr. Bledsaw has filed his complaint, McGeorge has filed its answer, and Mr. Bledsaw has not sought leave to reply.").

In response, Defendants note that while the other defendants have not answered, they have answered, and it would be inconsistent with the spirit of Rule 1 to deny a Rule 12(c) motion on

2

these grounds. Reply Br. at 1, ECF No. 58. They cite *TrueNorth Companies, L.C. v. Trunorth Warranty Plans of North America, LLC*, 292 F. Supp. 3d 864, 868–69 (N.D. Iowa 2018) for support. That case, however, is not persuasive because there the court found that Rule 12(c) did *not* apply. *Id*. at 868 ("I agree that this motion is not ripe under Rule 12(c) for judgment on the pleadings, as [defendant did not] answer the allegations set forth in Count III."). The court agreed to consider the motion under Rule 12(b)(6) nonetheless because the moving party argued in its reply brief that if Rule 12(c) did not apply, the court could consider and grant the motion under Rule 12(b)(6), even though it was not brought or argued under Rule 12(b)(6). *Id*. Here the moving parties have not asked the Court to consider it under Rule 12(b)(6), arguing only that consideration under Rule 12(c) motion is appropriate now. Reply Br. at 1–2.

Perhaps this was an oversight, or perhaps Defendants have good reasons for not asking the Court to rule on it as a 12(b)(6) motion. The Court does not know. In any event, the Court declines to consider an argument Defendants were aware of but did not make.

Accordingly, the motion is DENIED WITHOUT PREJUDICE because it is not ripe.

**IT IS SO ORDERED.**

Date:   October 7, 2024                                  /s/ Greg Kays
                                                         GREG KAYS, JUDGE
                                                         UNITED STATES DISTRICT COURT